United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JDS Uniphase Corporation Benefits Committee of the JDS Uniphase Corporation Employee 401(k) Retirement Plan,<br><br>            Plaintiff(s),<br><br>    v.<br><br>David M. Kornacki, as Administrator of the Estate of Kevin P. Kornacki, et al.,<br><br>            Defendant(s). | NO. C 04-04994 JW<br><br>**ORDER GRANTING TAVARES' MOTION FOR CHANGE OF VENUE AND DEEMING MOOT ALL OTHER MOTIONS** |

## I. INTRODUCTION

Plaintiff JDS Uniphase Corporation Benefits Committee of the JDS Uniphase Corporation Employee 401(k) Retirement Plan ("Plaintiff") brings this action against Defendants David M. Kornacki, as Administrator of the Estate of Kevin P. Kornacki ("Kornacki's Estate"), and Mabel Tavares, Kevin P. Kornacki's ex-wife, formerly known as Mabel D. Kornacki ("Tavares") (collectively "Defendants"), requesting, inter alia, Declaratory Relief under Employee Retirement Income Security Act of 1974 ("ERISA") § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Currently before this Court is Kornacki's Estate's February 14, 2005 Motion to Dismiss for Failure to State a Claim, Lack of Personal Jurisdiction and Improper Venue (Docket No. 12) and Tavares' January 14, 2005 Motion for Change of Venue (Docket No. 9).  For the reasons set forth

1  below, this Court GRANTS Tavares' Motion for Change of Venue and DEEMS MOOT Kornacki's
2  Estate's Motions.

## II. BACKGROUND

Kevin P. Kornacki ("Decedent") began employment with JDS Uniphase Corporation ("JDS") in Connecticut, and enrolled as a participant in a 401(k) retirement plan offered to JDS's employees. (See Complaint for Declaratory Relief, Injunction and Constructive Trust, hereinafter "Complaint" Docket Item No. 8, ¶ 11.)  At the time of enrollment, Decedent named Tavares as his sole beneficiary. (Complaint ¶ 11.)  Later, Decedent and Tavares filed for divorce, and on December 6, 2001, they received a Judgment of Divorce. (Complaint ¶ 12.)  Under their September 5, 2002 Qualified Domestic Relations Order ("QDRO"), Tavares relinquished her rights in Decedent's retirement plan, but for $8,534.00, a pro rata share for the term of their marriage. (Complaint ¶ 13.)  On April 11, 2003, Decedent died. (Complaint ¶ 20.)  On August 21, 2003, Plaintiff sent a check to Tavares in the amount of $81,674.94, which represented all of Decedent's assets in the 401(k) plan. (Complaint ¶ 21.)  A dispute between Defendants – i.e., Kornacki's Estate and Tavares – arose over this distribution. Plaintiff filed suit in the Northern District of California seeking Declaratory Relief, Injunction, and Constructive Trust to clarify the parties' rights and to avoid any future double payout of benefits. Defendants assert that declaratory relief is unavailable under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and that declaratory relief under the proper statute, the Declaratory Judgment Act, 28 U.S.C. § 2201, would destroy Plaintiff's basis for venue.

Further, Tavares requests that this Court transfer this matter to Massachusetts. Both Defendants reside in Massachusetts, Decedent and Tavares were residents of Massachusetts during their marriage and throughout Decedent's employment with JDS, Decedent and Tavares were both married and divorced in Massachusetts, material witnesses reside in Massachussetts, and the assets in question were sent to Tavares in Massachusetts. Plaintiff counters that venue is proper in this District based on ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), since the 401(k) plan is administered in this District.

### III. STANDARDS

A district court may transfer an action to another district. When venue is improper in a particular district, the district court must either dismiss the action or, in the interest of justice, transfer the action to a judicial district where venue is proper. 28 U.S.C. § 1406(a); See Pacific Coast District v. Alaska, 682 F.2d 797, 799 (9th Cir. 1982). In addition to the general rules of venue, numerous federal statutes contain their own special venue requirements. "[A]s a general matter, courts have interpreted special venue provisions to supplement, rather than preempt, general venue statutes." Go-Video, Inc. v. Akai Electric Co., Ltd., 885 F.2d 1406, 1409 (9th Cir. 1989).   ERISA is one such statute. See Varsic v. U.S. Dist. Ct. for Central Dist. of Cal., 607 F.2d 245, 248-49 (9th Cir. 1979); see also Waeltz v. Delta Pilots Retirement Plan, 301 F.3d 804, 808-09 (7th Cir. 2002). Even when venue is proper in a given district, a court in that district may transfer the action to another district "for the convenience of parties and witnesses, in the interest of justice" under 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a).

### IV. DISCUSSION

Plaintiff brings suit for declaratory judgment under ERISA § 502(a)(3). Under ERISA's special venue provisions, actions brought under ERISA § 502(a)(3) may be brought in the district where the plan is administered, where the breach occurred, or where a defendant resides or may be found. ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). Although JDS's 401(k) plan is administered here, in the Northern District of California, Plaintiff cannot avail itself of ERISA's special venue provisions because Plaintiff's lawsuit is not proper under ERISA § 502(a)(3) because Plaintiff is a fiduciary and seeks declaratory relief. See Gulf Life Ins. Co. v. Arnold, 809 F.2d 1520 (11th Cir. 1987) (holding that fiduciaries may not bring suit under ERISA § 502(a)(3) and that suits for declaratory relief are not suits under ERISA § 502(a)(3)).

Venue in federal question cases is proper in the following judicial districts: (1) if all defendants reside in the same state, a district where any defendant resides; (2) or, a district in which a "substantial part of the events of omissions" on which the claim is based occurred, or a "substantial

part of the property" that is the subject of the action is located; (3) or, if there is no district in which the action may otherwise be brought, the district "in which any defendant may be found." 28 U.S.C. §§ 1391(b)(1)-(b)(3).  The court may transfer to another district "for the convenience of parties and witnesses, in the interest of justice" under § 1404(a).  28 U.S.C. § 1404(a).  In determining "convenience" and "interest of justice" courts consider three general factors: (1) convenience of parties, (2) convenience of witnesses, and (3) interest of justice.  28 U.S.C. § 1404(a).  These three factors are addressed to the inherent discretion of the court and are interpreted broadly to allow the court to consider the particular facts of each case.  E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994); Lopez Perez v. Hufstedler, 505 F. Supp. 39, 41 (D.D.C. 1980). District courts have broad discretion in determining venue motions, and the "interest of justice" is a factor in § 1404(a) motions.  Arley v. United Pac. Ins. Co., 379 F.2d 183, 185 n.1 (9th Cir. 1967).  As all Defendants are residents of Massachusetts, venue is proper in any district within Massachusetts where one Defendant resides.  28 U.S.C. §§ 1391(a)(1), (b)(1).  Further, a substantial part of the events or omissions giving rise to the claim occurred in Massachusetts.  All parties to this action, aside from Plaintiff, reside in Massachusetts.  Plaintiff is an international corporation, with offices in at least eight states and seven countries and has sufficient "minimum contacts" with Massachusetts. Further, the Decedent was, at all relevant times, a resident of the state of Massachusetts.

This Court concludes that California is both an inconvenient and inappropriate venue for the matter at hand.  Accordingly, this Court transfers this matter to the Western District of Massachusetts.

## V.  CONCLUSION

For the reasons set forth above, this Court GRANTS Tavares' Motion to Change Venue.  This matter shall be transferred to the District of Massachusetts.  Furthermore, this Court DEEMS MOOT Kornacki's Estate's Motion to Dismiss, as well as any and all other pending motions.

Dated: June 20, 2005                                     /s/James Ware
                                                                       JAMES WARE
04cv4994mtv                                                  United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Charles L. Deem charles.deem@dlapiper.com
Hope A. Case hope.case@dlapiper.com
Katherine Susan Clark kclark@clarklaw.com
Ray M. Hartman ray.hartman@dlapiper.com

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Maurice M. Cahillance
Egan, Flanagan and Cohen
67 Market Street
P.O. BOX 9035
Springfield, MA  01102-9035

Michael J. Richter
2072 The Alameda
San Jose, CA  95126

**Dated:  June 20, 2005**                                              **Richard W. Wieking, Clerk**

                                                                                         **By:/s/JWchambers**
                                                                                                **Ronald L. Davis**
                                                                                                **Courtroom Deputy**